FILED
2026 Jun-04  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**AKEEM JAMES MILLENDER,**

    **Plaintiff,**

**v.**

                         **Case No.: 1:25-cv-1898-HDM-NAD**

**KENNETH BUTLER,**

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff Akeem James Millender, proceeding *pro se*, commenced this action on November 3, 2025, by filing a standardized, preprinted form. (Doc. 1). On February 9, 2026, the magistrate judge ordered Millender to file an amended complaint to cure various deficiencies in the original pleading on or before March 11, 2026. (Doc. 8). The magistrate judge explicitly informed Millender that failure to comply with the order "may result in the dismissal of this action." *Id.* at 4 (emphasis omitted). Millender neither amended his complaint in compliance with the magistrate judge's order nor sought an extension of time to do so.

On March 24, 2026, the magistrate judge entered a report recommending the court dismiss this case without prejudice based on Millender's failure to prosecute his claims. (Doc. 9). The magistrate judge advised Millender of his right to file specific written objections within fourteen days. *Id.* at 2. The Clerk of Court mailed

the report to Millender's address of record, but the fourteen-day deadline expired without the court receiving any objections.

After the deadline for objections passed, the report was returned to the Clerk of Court as undeliverable because Millender is "not in this facility," (doc. 10), despite the court's clear warning that his "claims may be dismissed if [he does] not keep the court advised of [his] current mailing address," (doc. 3). This court has long recognized that a *pro se* inmate's failure to update his address when ordered to do so, rendering him essentially beyond the court's ability to contact, constitutes a failure to prosecute, *see, e.g.*, *Payne v. Burns*, No. 4:24-cv-103, 2024 WL 3264481, at *1 (N.D. Ala. July 1, 2024), which only compounds Millender's earlier failure to comply with the magistrate judge's order to amend his complaint.

Having carefully reviewed and considered the record of this case, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Accordingly this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The court will enter a separate final order. For information regarding the cost of appeal, see the attached notice.

**DONE** and **ORDERED** on June 4, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

2

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                    In Replying Give Number
Clerk of Court                                    of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 **REQUIRES** that all prisoners pay the Court's $600.00 docket fee plus $5.00 filing fee (for a total of $605.00) when appealing any civil judgment.

If you wish to appeal in a civil case that Act **requires** that upon filing a notice of appeal you *either*:

(1)     Pay the total $605.00 fee to the clerk of the district court from which this case arose; *or*

(2)     arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $605.00 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10.00. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $605.00 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $605.00 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $605.00 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court

PLRA Notice

3